**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                                  No. CR 10-1101 JB

HILARIO LEON-MIGUEL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed August 10, 2010 (Doc. 17). The Court held sentencing hearings on August 19, 2010 and November 4, 2010. The primary issues are: (i) whether the Court should sentence Defendant Hilario Leon-Miguel to a low-range United States Sentencing Guideline sentence of 15 months; (ii) whether the Court should give Leon-Miguel credit for pre-sentence confinement from March 11, 2010; and (iii) whether the Court should waive fines and special penalties. For the reasons stated on the record and for further reasons consistent with those already stated, the Court grants Leon-Miguel's requests in part and sentences him to 15 months. While the Court cannot grant credit for presentence confinement since March 11, 2010 -- that is the Bureau of Prison's task -- the Court will make certain that the front sheet accurately reflects his arrest and custody information, so that the BOP can give Leon-Miguel the credit to which he is entitled. The Court will not assess any fines or special penalties.

       The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Leon-Miguel on June 14, 2010. In the PSR, the USPO calculated Leon-Miguel's

offense level to be 10 and his criminal history category to be V, establishing a guideline imprisonment range of 21 to 27 months. There being no objection to the PSR, the Court adopts the USPO's guideline calculations in the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 2-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 8 and a criminal history category of V establishes a guideline imprisonment range of 15 to 21 months. Leon-Miguel requests a sentence of 15 months, the low end of the range. See Sentencing Memorandum at 1.

The Court notes that Leon-Miguel illegally reentered the United States after a felony conviction for driving under the influence. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment which is set forth in the guidelines is appropriate for this sort of offense. The Court finds that a sentence at the low end of the guidelines -- 15 months -- adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's

job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Leon-Miguel's criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 15 months is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

Based on the defendant's lack of financial resources the Court will not impose a fine. Based upon the United States' willingness to waive the special assessment, the Court will not require the defendant to pay a special assessment of $100.00, which is normally due immediately. Because the United States does not object, the Court will make certain the face sheet accurately states the date of arrest and custody, so that the BOP can give Leon-Miguel credit for presentence confinement since March 11, 2010, totaling 238 days.

**IT IS ORDERED** that Defendant Pedro Leon-Miguel's requests in his Sentencing Memorandum are granted. The Court sentences Leon-Miguel to a term of 15 months in the custody of the Bureau of Prisons. The Court recognizes presentence confinement of 238 days since March 11, 2010. The Court does not assess any fines or special penalties.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Henry Edward de la Garza
Henry E. de la Garza, Attorney at Law LLC
Albuquerque, New Mexico

*Attorneys for the Defendant*